a report of child . . . maltreatment must be established by a fair preponderance of the evidence" (*Matter of Reynolds v New York State Off. of Children & Family Servs.*, 101 AD3d 1738, 1738 [2012] [internal quotation marks omitted]), and "[o]ur review . . . is limited to whether the determination was supported by substantial evidence in the record on the petitioner['s] application for expungement" (*Matter of Mangus v Niagara County Dept. of Social Servs.*, 68 AD3d 1774, 1774 [2009], *lv denied* 15 NY3d 705 [2010] [internal quotation marks omitted]; *see Matter of Hattie G. v Monroe County Dept. of Social Servs., Children's Servs. Unit*, 48 AD3d 1292, 1293 [2008]). Here, we conclude that the hearsay evidence of maltreatment constituted substantial evidence supporting the determination (*see Matter of Markman v Carrion*, 120 AD3d 1580, 1581 [2014]; *Matter of Arbogast v New York State Off. of Children & Family Servs., Special Hearing Bur.*, 119 AD3d 1454, 1454-1455 [2014]). Although the testimony of petitioner and his wife conflicted with the evidence presented by respondent, "it is not within this Court's discretion to weigh conflicting testimony or substitute its own judgment for that of the administrative finder of fact" (*Matter of Ribya BB. v Wing*, 243 AD2d 1013, 1014 [1997]; *see Matter of Crandall v New York State Off. of Children & Family Servs., Special Hearings Bur.*, 104 AD3d 1199, 1199 [2013]; *see generally Matter of Berenhaus v Ward*, 70 NY2d 436, 443 [1987]). Present—Centra, J.P., Sconiers, Valentino and Whalen, JJ.

◼ In the Matter of DREW F.-C., Appellant. GENESEE COUNTY ATTORNEY, Respondent. (Appeal No. 1.) [6 NYS3d 514]—Appeal from an order of the Family Court, Genesee County (Eric R. Adams, J.), entered February 10, 2014 in a proceeding pursuant to Family Court Act article 3. The order, among other things, placed respondent in a limited secure facility with an onsite mental health component/program.

Now, upon reading and filing the stipulation of discontinuance signed by appellant, and by the attorneys for the parties on February 5 and 9, 2015,

It is hereby ordered that said appeal is unanimously dismissed without costs upon stipulation. Present—Centra, J.P., Carni, Sconiers, Valentino and Whalen, JJ.

◼ In the Matter of DREW F.-C., Appellant. GENESEE COUNTY ATTORNEY, Respondent. (Appeal No. 2.) [6 NYS3d 514]—Appeal from an order of the Family Court, Genesee County (Eric R. Adams, J.), entered February 10, 2014 in a proceeding pursuant to Family Court Act article 3. The order, among other

things, placed respondent in a limited secure facility with an onsite mental health component/program.

Now, upon reading and filing the stipulation of discontinuance signed by appellant, and by the attorneys for the parties on February 5 and 9, 2015,

It is hereby ordered that said appeal is unanimously dismissed without costs upon stipulation. Present—Centra, J.P., Carni, Sconiers, Valentino and Whalen, JJ.

■ In the Matter of CHARLES L. HIGGINS, Respondent, v JESSE M. HIGGINS, Appellant. [7 NYS3d 796]—

Appeal from an order of the Family Court, Genesee County (Eric R. Adams, J.), entered August 15, 2013 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, awarded petitioner primary physical placement of the subject children.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order that, insofar as appealed from, awarded petitioner father primary physical placement of the subject children. The mother contends that Family Court erred in determining that there was the requisite showing of a change in circumstances to warrant modification of the existing custody arrangement. We reject that contention. " 'It is well established that alteration of an established custody arrangement will be ordered only upon a showing of a change in circumstances which reflects a real need for change to ensure the best interest[s] of the child[ren]' " (*Matter of Amy L.M. v Kevin M.M.*, 31 AD3d 1224, 1225 [2006]). Here, the father established the requisite change in circumstances by showing that the mother's residence "had become a 'harried and chaotic environment' that did not provide the subject children with the focused attention and structure they needed" (*Matter of Graziani C.A. [Lisa A.]*, 117 AD3d 729, 730 [2014]). Contrary to the mother's further contention, we conclude that there is a sound and substantial basis in the record to support the court's determination that it was in the children's best interests to award primary physical placement to the father (*see Matter of Marino v Marino*, 90 AD3d 1694, 1695-1696 [2011]; *see also Matter of Tarrant v Ostrowski*, 96 AD3d 1580, 1582 [2012], *lv denied* 20 NY3d 855 [2013]). Considering that "a court's determination regarding custody . . . issues, based upon a first-hand assessment of the credibility of the